This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Evelyn Rivas and Carlos Ortiz, appeal from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that granted permanent custody of their youngest child to Lorain County Children Services ("LCCS"). We affirm.
Appellants are the parents of several children together. On August 14, 1996, the youngest of their five children at the time, two-year-old Marlene, died as the result of trauma to her head. Both parents were convicted of crimes related to the child's death. Evelyn was convicted of involuntary manslaughter and Carlos was convicted of child endangering. Evelyn was released from prison in September 2000 and reunited with Carlos. On August 8, 2001, Evelyn gave birth to the child at issue in this case, Jakyra. Jakyra was placed in the custody of LCCS shortly after her birth.
LCCS moved for permanent custody of Jakyra. Following an evidentiary hearing, the trial court granted the motion and placed the child in the permanent custody of LCCS. Both parents jointly appeal, raising one assignment of error.
 ASSIGNMENT OF ERROR "The decision of the trial court granting permanent custody of Jakyra Ortiz was against the manifest weight and sufficiency of the evidence."
Appellants do not focus their argument on whether they remedied the conditions that led to Jakyra's removal, nor do they challenge any of the trial court's findings on the permanent custody test set forth in R.C.2151.414. Instead, they argue that the trial court had insufficient evidence before it to support its conclusion that they posed a danger to Jakyra. That determination went to the adjudication of dependency, not the disposition of permanent custody to LCCS. See R.C. 2151.353; R.C.2151.414; R.C. 2151.04.
Prior to the permanent custody hearing, the court discussed with Appellants whether a contested hearing on the adjudication of dependency was required. Each parent orally stipulated to an adjudication of dependency pursuant to R.C. 2151.04(D) and then initialed a written entry to that effect. R.C. 2151.04(D) defines a dependent child to include a child whose parent has abused a sibling of that child and because of the circumstances surrounding that abuse and other conditions of the household, the child is in danger of being abused. Given Appellants' stipulation to the adjudication of dependency, they waived any right to argue that they were not to blame for the death of their other child or that they would pose no threat to Jakyra. See In re Starr (Apr. 20, 2001), 6th Dist. No. L-00-1312. The trial judge fully explained these consequences to Appellants at the time they agreed to the adjudication.
Given Appellants' stipulation that Jakyra was a dependent child as defined in R.C. 2151.04(D), LCCS was not required to present evidence at the hearing that Appellants posed a threat to Jakyra. The assignment of error is overruled.
Appellants' assignment of error is overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, J., WHITMORE, J. CONCUR.